UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

-vs-                                                                        Case No.:  2:05-cr-5-FtM-33SPC

JUAN ROCHE,

        Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on referral from the District Court regarding a Motion for Competency Evaluation (Doc. #129) filed on April 12, 2005.  On April 26, 2005, this Court Ordered (Doc. #138) that a competency evaluation be performed by the Federal Detention Center in Miami, Florida.  After receiving the results of the first evaluation finding the Defendant to be competent to stand trial, a status conference was held on June 30, 2005.  At the status conference, Defense Counsel Robert C. Hill, Jr.,  Esq. requested that an independent examination be performed by Dr. Paul Kling. After receiving the results of Dr. Kling's examination finding the Defendant incompetent, the Court held a status conference at which time both parties requested a hearing.

On September 2, 2005, the Court held a Competency Hearing. The Government was represented by Assistant United States Attorney (AUSA), Jesus Casas, and the Defendant was present and represented by Robert C. Hill, Jr., Esq. The Government called Dr. Jorge Luis. The Defendant's witness did not appear. Therefore, the hearing was continued until September 8, 2005. At the hearing on September 8, 2005, all parties were present. The Defendant called Dr. Paul S. Kling to testify. In making its final conclusion in regard to the competency of the Defendant, the Court relied on the testimony of Dr. Luis and Dr. Kling, as well as their reports. (Docs. # S-1, S-2).

Although the Government did not tender Dr. Luis as an expert, the Court reviewed his credentials as testified to at the hearing, and as such will treat him as an expert for the purpose of its conclusion regarding competency. Dr. Luis' conclusions as to the Defendant's competency were based upon interviews with the Defendant, a comprehensive review of all available legal documentation pertaining to the Defendant's case[1], information provided by Atty. Hill and AUSA Casas, reports of members of the Miami Correctional Services staff regarding the Defendant's adjustment to his unit and incarceration in general, and seven hours of psychological testing.[2] After

---

[1] Dr. Luis reviewed a Copy of the Indictment filed January 12, 2005, a copy of Court Order for a Competency Evaluation dated February 7, 2005, central, medical and psychological records from the FDC-Miami from May and June of 2005, monitored telephone conversations on various dates, a copy of National Crime Information Center (NCIC) report generated on June 2, 2005, and a copy of the Miami-Dade County, Criminal Justice and Civil Infraction Cases information, printed June 2, 2005.

[2] The following tests and procedures were employed to assess the Defendant's present level of functioning: Clinical interviews, mental status examination, Cognistat (Spanish Version), Competency Questionnaire, Comprehensive Test of Nonverbal Intelligence (C-Toni), Georgia Court Competency Test - Mississippi State Hospital (GCCT-MSH), HCR-20, Minnesota Multiphasic Personality Inventory - Second Edition (MMPI-2), Multi-Digit Memory Test (MDMT), Hare
(continued...)

the evaluations were completed, Dr. Luis concluded that the Defendant was malingering. (Doc. # S-1, p. 8). Dr. Luis' conclusions stated in pertinent part:

> According to the DSM-IV-TR, the essential feature of Malingering is the intentional misrepresentation or exaggeration of physical or psychological symptoms, for gains such as receiving dimished legal ramifications.  During the present evaluation, Mr. Roche's psychological rest results suggest the defendant is exaggerating/fabricating psychiatric and neurocoginitive problems.  Overall, Mr. Roche appears to be malingering psychiatric and cognitive problems due to his perception that he might avoid entirely, or receive diminished repercussions for his alleged criminal behavior.
>
> The Defendant also meets the criteria for a diagnosis of Adult Antisocial Behavior. This diagnosis is used when the focus of clinical attention is adult antisocial behavior that is not due to a mental illness.  As an adult, Mr. Roche has been involved in asocial activities that are not causally related to a mental disorder. (Doc. #S-1, p. 9).

In his Forensic Report to the Court (Doc. #S-1), Dr. Luis finds the Defendant Competent to Stand Trial. He concludes that there is no evidence that the Defendant is currently experiencing the active phase of a mental disorder that would render him unable to understand the nature and consequences of the proceedings against him. (Doc. # S-1, p. 5).

Dr. Paul Kling was tendered as an expert in Forensic Psychology during the Defendant's presentation of the evidence and was accepted as such by the Court. Dr. Kling met with the Defendant on one occasion (July 13, 2005) in his office for a period of 45 minutes. Because Dr. Kling does not speak Spanish, he used the services of an interpreter to interview the Defendant. He evaluated the Defendant by means of the clinical interview, a review of the Defendant's medical records from the jail, and a review of a forensic report conducted by the United States Department of Justice Federal Detention Center in Miami. He did not conduct any psychological testing of his

---

```
     ²(...continued)
Psychopathy Checklist-Revised: Second Edition (PCL-R), and the
Validity Indicator Profile (VIP).
```

own but relied on the testing done by Dr. Luis. As a result of his review, Dr. Kling opines that "Mr. Roche is currently not competent to proceed." (Doc. #S-2, p. 4) Dr. Kling further opines that:

> he does not possess sufficient present mental ability to understand his case from a factual and rational perspective or to consult with his attorney with a reasonable degree of understanding. Mr. Roche has a modest appreciation of the charges against him. He does not understand the range and nature of possible penalties which may be imposed. Mr. Roche does not understand the adversarial nature of the legal system. Mr. Roche would have significant difficulty providing pertinent information to his attorney regarding his case. He appears to be confused and does not understand his legal situation. Mr. Roche would have difficulty in testifying relevantly on his own behalf and challenging prosecution witnesses for the same reason. Finally, Mr. Roche would superficially manifest appropriate behavior in the courtroom, but would not be able to follow the proceedings or participate effectively in his own defense. (Doc. #S-2, p. 4).

It was Dr. Kling's opinion that the Defendant is suffering from mental retardation. He believes that he may also be suffering from schizophrenia, "but this is less clear." It is his belief that the Defendant would benefit from competency restoration training. (Doc. #S-2, p. 5).

To the extent that Dr. Kling's report conflicts with the forensic evaluation provided by Dr. Luis, the Court credits the forensic evaluation. Dr. Kling's conclusion that the Defendant is incompetent to stand trial is based on a single interview with the Defendant, a review of the Defendant's medical records from the jail most of which contain self-reports by the Defendant, and a review of the testing done by the forensic unit at the Federal Detetion Center in Miami. On the other hand, the forensic evaluation done by the Dr. Luis was much more thorough, was conducted over an extended period of time, and drew upon more sources and recognized testing for its diagnosis and opinions.

This Court respectfully recommends that the Defendant is competent to stand trial or to enter a plea of guilty, that is, he is not suffering from a mental disease or defect rendering him unable to

understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly, it is now

**RECOMMENDED:**

The case shall proceed to trial or plea of guilty.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this __9th__ day of September, 2005.

*[signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record
District Judge Courtroom Deputy